Filed 3/24/26  P. v. Timms CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOVAUGHN TIMMS,<br><br>        Defendant and Appellant. | A172720<br><br>(City & County of San Francisco Super. Ct. Nos. CRI18010985 / SCN229454 & CRI18008239 / SCN229279) |

**MEMORANDUM OPINION**[1]

Defendant Jovaughn Timms appeals from a final judgment following his resentencing.  In *People v. Timms* (June 14, 2023, A163864) [nonpub. opn.] (*Timms I*), we reversed Timms's conviction as to one count for insufficient evidence.  On remand, the trial court struck his sentence as to that count but declined to further reduce his sentence under Penal Code sections 1385, subdivision (c), or 1170.[2]  Timms's appointed counsel on appeal filed a brief raising no issues but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  After conducting an independent review of the record pursuant to the holding in

_____

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law.  (Cal. Stds. Jud. Admin., § 8.1.)

[2] All further statutory references are to the Penal Code.

1

that case and reviewing Timms's supplemental brief, we affirm.

In June 2021, a jury found Timms guilty in a consolidated matter of assault with a firearm (§ 245, subd. (a)(2)), corporal injury on a spouse (§ 273.5, subd. (a)), possession of a firearm by a felon (§ 29800, subd. (a)(1)), dissuading a witness from prosecuting a crime (§ 136.1, subd. (b)(2)), and contempt of court for violating a stay away or protective order (§ 166, subd. (c)(1)). The jury also found that Timms had personally used a firearm (§ 12022.5, subd. (a)) and personally inflicted great bodily injury (§ 12022.7, subd. (e)). It further found true the allegation that Timms suffered a prior conviction for witness dissuasion (§§ 136.1, subd. (a)(1), 667, subds. (a), (d), & (e)). Timms was sentenced to an aggregate term of 23 years in state prison. This included a principal term of three years, the midterm, doubled to six years, on the assault with a firearm count, and the midterm of two years, doubled to four years, on the witness dissuasion count. (§ 667, subds. (d) & (e).) The court also imposed a five-year enhancement for the prior conviction. (§ 667, subd. (a)(1).)

In his appeal from that judgment, we reversed Timms's conviction for witness dissuasion due to insufficient evidence and remanded the matter for resentencing. (*Timms 1*, *supra,* A163864.) At resentencing in February 2025, the trial court struck the four-year sentence for the reversed conviction but declined to further reduce Timms's sentence based on ameliorative changes in the law. Specifically, the court denied Timms's requests to impose the low term for the assault with a firearm conviction under section 1170, subdivision (b), and to strike the five-year enhancement under section 1385, subdivision (c). The court also denied Timms's *Romero*[3] motion to dismiss his prior strike conviction. The court highlighted the seriousness of Timms's

_____

[3] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

2

offenses, his criminal history, as well as "community safety factors," and concluded that "it [was] not in the furtherance of justice to grant any further relief." It then resentenced Timms to an aggregate term of 19 years. Timms timely appealed.

The *Wende* brief filed by Timms's counsel does not draw our attention to any issues under *Anders v. California* (1967) 386 U.S. 738, 744. Timms filed a handwritten supplemental brief, raising various issues. Most of those issues do not appear to be related to the trial court's exercise of its discretion at resentencing and, in any event, lack merit. To the extent that Timms challenges his resentencing, his claims lack merit. Following *Wende* guidelines, we have also conducted an independent review of the record and conclude that there are no meritorious issues to be argued on appeal.

## DISPOSITION

The judgment is affirmed.

CHOU, J.

We concur.

JACKSON, P. J.
SIMONS, J.

A172720/ *P. v. Timms*

3